COMMERCIAL UNION INSURANCE COMPANY et al.

v.

GREAT AMERICAN INSURANCE COMPANY, Appellant;
Wheeling–Pittsburgh Corporation et al., Appellees.

[Cite as *Commercial Union Ins. Co. v. Great Am. Ins. Co.* (1997), 124 Ohio App.3d 1.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 97CA02.

Decided Sept. 5, 1997.

2

*Droder & Miller Co., L.P.A.*, and *Donald A. Lane*, for appellant.

*Brouse & McDowell* and *Paul Rose; Anderson, Kill, Olick & Oshinsky, P.C.*, and *Irene C. Warshauer*, for appellees.

FREDERICK N. YOUNG, Presiding Judge.

Defendant-appellant, Great American Insurance Company ("Great American"), appeals from the order of the Miami County Court of Common Pleas dismissing an action for declaratory judgment pursuant to the common-law doctrine of *forum non conveniens.* We affirm.

## I

On June 7, 1994, the plaintiff in the underlying case, Commercial Union Insurance Company ("Commercial Union"), filed a complaint in the Miami County Court of Common Pleas seeking a declaratory judgment determining its responsibility under an insurance policy for the Ohio environmental liabilities of defendants–appellees, Wheeling–Pittsburgh Corporation and Wheeling–Pittsburgh Steel Corporation (collectively, "Wheeling–Pittsburgh"). The complaint also named fifteen other insurance companies, including Great American, that also insured Wheeling–Pittsburgh. Great American counterclaimed against Commercial Union and cross-claimed against Wheeling–Pittsburgh and the other defendants-insurers on the issue of financial liability for the cleanup of the two hazardous waste sites that were the subject of Commercial Union's complaint, the United Scrap Lead Site in Troy, Ohio, and the Buckeye Reclamation Landfill Site in St. Clairsville, Ohio.

Over one year earlier, on May 23, 1994, Wheeling–Pittsburgh had instituted a similar action in the Circuit Court of Ohio County, West Virginia, seeking a declaratory judgment on the issue of insurance coverage for Wheeling–Pitts-

4

burgh's environmental liabilities for its hazardous waste sites, referring specifically to sites located in Follansbee, West Virginia, and Jamesburg, New Jersey. Wheeling–Pittsburgh named Commercial Union, Great American, and several other of its insurance carriers as defendants in that action. In light of this earlier action, Wheeling–Pittsburgh filed a motion to dismiss Commercial Union's action in Miami County, Ohio, arguing that all of the claims could be resolved in one action in the West Virginia circuit court. In response, Commercial Union argued that the West Virginia action did not involve the issue of coverage for the two Ohio sites and that, as such, a dismissal was not warranted. Furthermore, Commercial Union filed a motion to amend its Ohio complaint to include the West Virginia and New Jersey sites so that the West Virginia action could be dismissed in favor of the Ohio action.

The Miami County Court of Common Pleas granted Wheeling–Pittsburgh's motion and dismissed the Ohio action. Commercial Union appealed to this court, arguing that neither the pending action in another state nor the doctrine of *forum non conveniens* provided grounds for dismissing the Ohio action. We reversed the trial court's dismissal of the Ohio action on the basis of the pending action in West Virginia because the two actions, while involving the same parties and the same requested relief, lacked identity of subject matter. Wheeling–Pittsburgh's complaint in the West Virginia action did not expressly mention the Ohio sites and thus failed to "provide the defendants with sufficient notice that insurance coverage issues for sites other than those specifically named in the complaint are the subject of litigation." *Commercial Union Ins. Co. v. Wheeling-Pittsburgh Corp.* (1995), 106 Ohio App.3d 477, 484, 666 N.E.2d 571, 575.

With respect to the question of *forum non conveniens,* we noted that while Wheeling-Pittsburgh raised the issue in the trial court, the court did not consider it in its decision to dismiss the action. We remanded the issue to the trial court with instructions to consider the relevant factors in the *forum non conveniens* analysis and to determine whether the Ohio action should be dismissed on those grounds. We further suggested that, in the event the trial court determined that a dismissal would be appropriate under the doctrine, it should condition the dismissal on West Virginia's "accepting jurisdiction" over the matter.

On remand, the trial court determined that the doctrine of *forum non conveniens* was applicable to this case and that the Ohio action should be dismissed in favor of the West Virginia action. In support of its determination, the court noted that the Ohio action was essentially a contract dispute involving an insurance policy issued in Pennsylvania to Wheeling–Pittsburgh, which has as its principal place of business Wheeling, West Virginia. The court further pointed out that although one of the insured sites is located in Miami County, the contractual dispute at issue is unlikely to require any factual information from

that site. "The geographic-factual center of gravity," according to the court, is in Wheeling, West Virginia, and Pittsburgh, Pennsylvania, where the contract arose and where the majority of the principal parties and witnesses are to be found. Finally, the court opined that the fact that the contract interpretation at issue would most likely not be governed by Ohio law weighed in favor of dismissal. However, although the court concluded that dismissal was appropriate, it conditioned the dismissal on "the Defendants' written consent to the alternate forum's jurisdiction, the Defendants' consent to comply with the discovery rules of the alternate forum, and the West Virginia Court accepting jurisdiction to hear the matter." Subsequently, Commercial Union filed a motion, pursuant to Civ.R. 41(A)(1)(a), to dismiss voluntarily all of its claims against Wheeling–Pittsburgh with prejudice, and its claims against Great American and the other insurance companies without prejudice.

In an entry dated April 3, 1995, the court determined that the conditions of its dismissal had not been satisfied. The court revoked its dismissal and announced that it would retain jurisdiction because, in the six months since its conditional order granting a dismissal, several parties had refused to consent to the jurisdiction of the West Virginia circuit court. In response to that decision, Wheeling–Pittsburgh filed a motion requesting that the court reconsider the conditions imposed in its original order, and either eliminate them or revise them "to fulfill their intended purpose." On December 9, 1996, the trial court found that the Circuit Court of Ohio County, West Virginia, accepted jurisdiction and had continued to preside over the matter, eliminated the other conditions, and reinstated its order dismissing the case on *forum non conveniens* grounds.

It is from that order that Great American now appeals. Great American asserts the following two assignments of error:

First Assignment of Error:

"The trial erred in finding that the Circuit Court of Ohio County, West Virginia has jurisdiction of this matter."

Second Assignment of Error:

"The trial court erred in dismissing this action on the grounds of *forum non conveniens.*"

We consider each of these alleged errors below. However, in the interest of clarity, we address the substance of the second assignment of error first.

## II

### *Forum Non Conveniens*

The Supreme Court of Ohio first officially adopted the common-law doctrine of *forum non conveniens* in *Chambers v. Merrell–Dow Pharmaceuticals,*

*Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, paragraph one of the syllabus. In so doing, the court stated that "[t]he common-law doctrine of *forum non conveniens* is committed to the sound discretion of a court of general jurisdiction, and may be employed pursuant to the inherent powers of such court to achieve the ends of justice and convenience of the parties and witnesses." *Id.* Accordingly, we are highly deferential to the trial court's invocation of *forum non conveniens,* and will reverse only where the court has clearly abused its discretion. *Id.* at 127, 519 N.E.2d at 373, citing *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 511–512, 67 S.Ct. 839, 844, 91 L.Ed. 1055, 1062; *Galloway v. Lorimar Motion Picture Mgt., Inc.* (1989), 55 Ohio App.3d 78, 83, 562 N.E.2d 949, 954. Abuse of discretion connotes " 'not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290, quoting *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590–591, 50 O.O. 465, 469, 113 N.E.2d 14, 19.

■ In determining whether dismissal on the basis of *forum non conveniens* is appropriate, the trial court is to weigh a number of "private" and "public" factors. Among the private factors are " 'the relative ease of access to sources of proof,' " the " 'availability of compulsory process' " for uncooperative witnesses, the expense of attendance of willing witnesses, the need for and possibility of inspecting premises, and " 'all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Watson v. Driver Mgt., Inc.* (1994), 97 Ohio App.3d 509, 513, 646 N.E.2d 1187, 1190, quoting *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062. The relevant public factors to be considered are the administrative difficulties associated with the transfer, the " 'burden of jury duty on members of a community with no connection to the litigation,' " the " 'local interest in having localized controversies decided at home,' " and the court's familiarity with the governing law. *Id.,* quoting *Gilbert,* 330 U.S. at 508–509, 67 S.Ct. at 843, 91 L.Ed. at 1062–1063.

■ In the case at bar, the trial court granted its conditional order dismissing the action on the grounds that the balancing of the relevant private and public factors struck in favor of the West Virginia action. With respect to private factors, the court found that (1) the necessary factual information is located primarily in Wheeling, West Virginia, and Pittsburgh, Pennsylvania, (2) minimizing the cost of obtaining willing witnesses and maximizing the ease of compelling unwilling witnesses would be served by litigating in a more geographically convenient court, and (3) because the matter is one of contract interpretation, there is "little likelihood that there will be a need to inspect" the site located in Miami County, Ohio. Regarding public factors, the court found that (1) "the burden of jury duty on members of the community in this case would be

unreasonable given that the ultimate issues relate to contract issues negotiated, entered into, and brokered" in a foreign state by foreign companies, (2) there was no localized interest in the case because it involved a foreign contract and the dispute involved not whether the local site would be cleaned up, but who among the foreign companies involved would ultimately pay for it, and (3) that Ohio law would probably not govern the contract interpretation, as "[t]he place of contracting, the place of negotiation of the contract, the place of performance (payment of the insurance proceeds), and the domicile, residence, nationality, place of incorporation, and place of business of the parties all favor application of law originating outside the state of Ohio."

Great American argues that the trial court did not adequately consider the private and public factors articulated in *Gilbert* and adopted in *Chambers*. We find this argument to be without merit. Great American essentially argues that the trial court did not provide a thorough analysis of every public and private factor enunciated in *Chambers*. However, the relative importance of each of the *Gilbert* factors depends upon the facts in each case. *Salabaschew v. TRW, Inc.* (1995), 100 Ohio App.3d 503, 506, 654 N.E.2d 387, 389, citing *Williams v. Green Bay & W. Ry. Co.* (1946), 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 311. We believe that the trial court adequately addressed all of the pertinent factors presented by the facts of this case and in so doing acted in full compliance with the command of the Supreme Court of Ohio in *Chambers*.

Great American further argues that, even if the court applied the correct analysis, it erred in determining that West Virginia is a more convenient forum for this litigation. Specifically, Great American asserts that the court erred both in its determination that Ohio law would probably not govern the controversy and its conclusion that access to proof and witnesses would be advanced by litigating in another forum. Great American further argues that "a judgment levied against Great American may be more easily satisfied in Ohio since Great American has its principal place of business in this state." Finally, Great American contends that placing the burden of jury duty on the residents of Miami County is appropriate because the suit involves two Ohio sites, one of which is located in Miami County. We find none of these arguments to be compelling enough to disturb the trial court's ruling.

It is beyond the scope of our power to conduct a *de novo* review of the factors. Instead, we are constrained to determine solely whether the trial court's balancing of those factors was clearly unreasonable. *Watson*, 97 Ohio App.3d at 514, 646 N.E.2d at 1191; *Morton Internl., Inc. v. Harbor Ins. Co.* (1992), 79 Ohio App.3d 183, 188–189, 607 N.E.2d 28, 31. We cannot find on the basis of Great American's arguments that the court acted unreasonably. Although, as the court stated, it was not announcing the "last word on the subject," its determination

that "[t]he place of contracting, the place of negotiation of the contract, the place of performance (payment of the insurance proceeds), and the domicile, residence, nationality, place of incorporation, and place of business of the parties all favor application of law originating outside the state of Ohio" was not unreasonable. Citing *Nationwide Mut. Ins. Co. v. Ferrin* (1986), 21 Ohio St.3d 43, 45, 21 OBR 328, 330, 487 N.E.2d 568, 569; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1990), 69 Ohio App.3d 52, 59, 590 N.E.2d 33, 37. The mere fact that a colorable argument in favor of applying Ohio law may be made does not render the court's decision an abuse of discretion. Despite Great American's assertion that any judgment entered against it "may be more easily satisfied in Ohio," it offers no reason to believe that any substantial difficulty would be encountered in enforcing a judgment against it, especially in light of R.C. 2329.021 *et seq.,* which provides for the enforcement of foreign judgments against Ohio entities. Likewise, we believe that the trial court acted properly within its discretion with respect to the ease and expense in procuring witnesses, and in assuring access to proof, and in determining that the burden of empaneling a Miami County jury would be unreasonable. As the trial court stated, Miami County "has 'only tenuous links with the underlying facts and circumstances of this action' " and is "further away from witnesses relating to the interpretation of the contract than the alternate forums."

We remind Great American that we remanded this cause to the trial court for consideration of the *forum non conveniens* factors because the trial court "is in a better position to evaluate many of the practical considerations that determine which forum would be better." *Commercial Union,* 106 Ohio App.3d at 488, 666 N.E.2d at 578. We decline its invitation now to second-guess that court's judgment in the absence of a clear showing that it abused its discretion. The assignment of error is, accordingly, overruled.

### III

### *Jurisdiction*

Great American asserts two arguments pertaining to jurisdiction. First, it argues that the trial court erred in its finding that the Circuit Court of Ohio County, West Virginia, has "accepted jurisdiction of this matter." It asserts that the West Virginia court has taken no steps toward exercising jurisdiction over the Ohio sites and that Wheeling–Pittsburgh has failed to place those sites in issue in the West Virginia action. Second, Great American contends that the cross-claims and counterclaims filed by itself and two of the other defendants-insurers remain pending in the Ohio trial court and that, for that reason, the West Virginia court has no jurisdiction to hear those claims.

A

■ With respect to West Virginia's jurisdiction over the dispute surrounding the Ohio sites, Great American argues that the condition proposed by this court and adopted by the trial court, that a dismissal based on *forum non conveniens* be predicated on West Virginia's accepting jurisdiction of the matter, has not been met. It argues that no action has been taken by either the West Virginia court or Wheeling–Pittsburgh to invoke jurisdiction over the Ohio sites. Great American asserts that the Miami County Court of Common Pleas thus erred in finding that the West Virginia court has embraced jurisdiction of the cause.

On remand from the last appeal to this court, the trial court issued a conditional order granting a dismissal on the basis of *forum non conveniens*, with the condition that the order would be revoked if the defendants failed to consent to submit to the alternate forum's jurisdiction, to comply with the discovery rules of that forum, and to satisfy any judgment rendered against them in that forum. Additionally, the court conditioned the order on "the West Virginia Court accepting jurisdiction to hear the matter." After the court subsequently revoked the order because several of the defendants refused to consent to the jurisdiction of the West Virginia, it reconsidered that decision and reinstated the dismissal. In that decision, the court found that the West Virginia court "has previously accepted jurisdiction of this matter * * * and is continuing to preside over the matters raised in the complaint." Furthermore, the court reinstated its previous order "absent the enumeration of conditions set forth therein."

On appeal, Great American argues that the court erred because the West Virginia complaint does not refer to the Ohio sites and the action has not been meaningfully changed since we remanded the Ohio case with the suggestion that any dismissal on *forum non conveniens* grounds "be conditioned upon the alternative forum's accepting jurisdiction to hear this matter." Wheeling–Pittsburgh, however, has supplemented the record with evidence that the trial court was correct in its determination that the West Virginia court has accepted jurisdiction over the entire matter and continues to preside over it. Wheeling–Pittsburgh has provided us with a copy of its Position Paper, which refers to the two Ohio sites under the heading "Sites at Issue," filed in the West Virginia court on January 22, 1997, a scheduling order entered by the West Virginia court on January 10, 1997, and Wheeling–Pittsburgh's Amended Complaint in the West Virginia action including the Ohio sites among the relevant sites, filed on March 7, 1997. Wheeling–Pittsburgh has also supplemented the record on appeal with a transcript from a hearing held on February 21, 1997, at which the court granted Wheeling–Pittsburgh's motion to amend its complaint to include all five sites. Wheeling–Pittsburgh urges us to take judicial notice of these developments, pursuant to Evid.R. 201.

Despite the fact that the West Virginia litigation is going forward and now apparently encompasses the Ohio sites, Great American is correct that at the time of the December 9, 1996 order reinstating the dismissal and finding that the West Virginia court had accepted jurisdiction, nothing in the record indicated that the posture of that case had changed to include the Ohio sites. We have held that a trial court may be found to have abused its discretion by relying on facts not included in the record in a *forum non conveniens* determination, even where subsequent events reflected in the record demonstrate that its findings were correct. *R.E. Condit Co., Inc. v. United Tractor Co.* (Sept. 13, 1995), Montgomery App. No. 14945, unreported, 1995 WL 547072; see, also, *Glidden Co. v. HM Holdings, Inc.* (1996), 109 Ohio App.3d 721, 672 N.E.2d 1108. When subsequent events are overlooked and our review is confined to the record that was before the court at the time of the relevant order, the grounds for the court's finding that the West Virginia court had accepted jurisdiction are mysterious.

█ Nevertheless, we can discern no abuse of discretion arising from the trial court's finding. In *Condit, supra,* we held that the trial court erred in resting its dismissal on the grounds that a similar case was pending in Indiana and that Indiana law would govern the case, where the Indiana case was filed after the Ohio case and the contract clause providing that Indiana law would govern the contract's interpretation was not part of the record. Here, the West Virginia court's acceptance of jurisdiction was not evidenced in the record at the time of the order, but the court found that the condition had been satisfied. The crucial distinction between these cases is that the *Condit* court found and based its dismissal on the presence of a *Gilbert/Chambers* "public" factor, the forum's familiarity with the governing law, where the record did not support the finding, while the court in the case *sub judice* merely found without reference to the record that a condition that it imposed itself, by our suggestion but not by the Supreme Court's command, had been met. Moreover, since "accepting jurisdiction" is a nebulous concept at best, the court could have concluded that the condition was met by virtue of the fact that the West Virginia court had not expressly declined jurisdiction by the time of the order. Finally, even if the finding that West Virginia accepted jurisdiction was unreasonable or arbitrary on the record before the court, we would be inclined, in the name of judicial economy, to view the error as harmless. Where a particular outcome on remand is inevitable, as it is here in light of the West Virginia court's decision to continue entertaining the action and allowing the complaint to be amended to include the Ohio sites, we decline to stand on needlessly expensive and time-consuming ceremony.

█ In addition to arguing that West Virginia has not affirmatively "accepted" jurisdiction, Great American posits that the West Virginia court is barred by a

ruling by its own Supreme Court from exercising jurisdiction over the Ohio sites. Great American cites *Cannelton Industries, Inc. v. Aetna Cas. & Sur. Co.* (1994), 194 W.Va. 186, 195, 460 S.E.2d 1, 10, for the proposition that West Virginia's state courts are prohibited from "exercis[ing] jurisdiction over insurance coverage actions where the issues to be determined have a 'more substantial' relationship to a foreign state."

Great American appears to be arguing that the dismissal was inappropriate because the West Virginia court is not an available alternative forum. While Ohio has never spoken directly on the matter, the vast majority of states consider the existence of an available alternate forum to be a predicate to a dismissal based on *forum non conveniens*. See McMahon, Forum Non Conveniens Doctrine in State Court as Affected by Availability of Alternative Forum (1987), 57 A.L.R.4th 973, 1987 WL 419698. The Supreme Court of Ohio has stated that the doctrine of *forum non conveniens* "assumes that proper jurisdiction and proper venue lie in the court which plaintiff has chosen," but that there is also another forum in which the defendant may be sued. *Chambers, supra*, 35 Ohio St.3d at 126, 519 N.E.2d at 373; *Condit, supra; Alexander v. Chandley* (1996), 113 Ohio App.3d 435, 680 N.E.2d 1317. Technically, however, whether an available alternative forum is essential to a dismissal remains an open question in Ohio. Of course, generally, a finding that the *Gilbert/Chambers* factors would strike in favor of dismissal will not be made unless there is an alternate forum available. We need not decide this issue because here, in addition to holding that the trial court properly balanced the pertinent public and private factors, we find no cause to believe that the Circuit Court of Ohio County, West Virginia, is not an available alternate forum for this case.

Great American's reliance on the Supreme Court of West Virginia's decision in *Cannelton* is misplaced. That case, like this one, involved the application of *forum non conveniens* to an insurance coverage dispute, not jurisdiction. In *Cannelton*, the court held that the trial court did not abuse its discretion in dismissing an insurance coverage dispute over an environmental cleanup of a site in Michigan, in favor of allowing the case to proceed in Michigan. The court did not hold that the lower court lacked jurisdiction or venue over the matter; rather, it held that, after applying the *Gilbert* factors, the case was properly dismissed on *forum non conveniens* grounds. Any attempt to read *Cannelton* as diminishing the jurisdiction or venue of West Virginia's circuit courts to hear declaratory actions on insurance coverage is overbroad. Moreover, as the trial court implicitly found, the West Virginia action, even including the Ohio sites, does not have a "more substantial relationship" to Ohio.

Furthermore, the West Virginia Code grants broad jurisdiction to the state's circuit courts. W.Va.Code 51–2–2. Great American advances no argument, and

we have unearthed none, for the proposition that the Circuit Court of Ohio County, West Virginia, lacks jurisdiction to entertain a comprehensive insurance coverage declaratory judgment action that includes sites located in foreign states. In fact, with respect to jurisdiction, *Cannelton* itself appears to demonstrate the contrary. Furthermore, under West Virginia's venue statute, W.Va.Code 56–1–1, a nonresident insurance company may be sued in any county in which it does business or in which the cause of action "or part thereof" arose. *Brabham v. Phoenix Ins. Co.* (1895), 41 W.Va. 139, 23 S.E. 553. While West Virginia is obviously in a far better position to make determinations regarding the venue and jurisdiction of its own courts, Great American offers no reason apart from its own misreading of *Cannelton* to suppose that the West Virginia court will find itself unable to continue to preside over an action including the Ohio sites.

Finally, in the unlikely event that the West Virginia court was to dismiss the action on either venue, jurisdictional, or *forum non conveniens* grounds, Great American is not without relief. It may file a Civ.R. 60(B) motion to vacate the dismissal by the Miami County Court of Common Pleas and pursue its claims anew.

### B

▮ Finally, regarding the counterclaims and cross-claims filed in the Ohio action by Great American and two other defendants, Great American argues that they survive Commercial Union's voluntary dismissal of the underlying action and, thus, remain pending in the Ohio court. This argument is based on the well-settled rule that a plaintiff may not employ Civ.R. 41(A) to defeat a meritorious counterclaim by dismissing the underlying action. See Civ.R. 41(A)(2); *Holly v. Osleisek* (1988), 40 Ohio App.3d 90, 91, 531 N.E.2d 766, 768; *Abbyshire Constr. Co. v. Ohio Civ. Rights Comm.* (1974), 39 Ohio App.2d 125, 129, 68 O.O.2d 319, 321, 316 N.E.2d 893, 896. We agree that if the trial court had granted Commercial Union's Civ.R. 41(A) motion over Great American's objection, the counterclaim and cross-claims would remain pending under that rule.

However, the trial court did not grant Commercial Union's Civ.R. 41(A) motion over Great American's objection. In fact, the trial court never ruled on Commercial Union's Civ.R. 41(A) motion at all. This case was dismissed in its entirety pursuant to the doctrine of *forum non conveniens*. Moreover, Great American advances no argument that its cross-claims and counterclaims, or those of the other named defendants, cannot be brought in the Circuit Court of Ohio County, West Virginia.

Accordingly, the first assignment of error is overruled.

## III

### *Conclusion*

In light of the foregoing, the judgment of the Miami County Court of Common Pleas is affirmed.

*Judgment affirmed.*

WOLFF and GRADY, JJ., concur.