OPINION
{¶ 1} Defendant-appellant Enterprise Rent-A-Car Company of Cincinnati appeals from a declaratory judgment wherein it was ordered to indemnify defendant-appellee David Shaw with regard to a motor vehicle accident. Enterprise contends that the trial court abused its discretion by permitting Shaw to file amended responses to requests for admissions. It also contends that the trial court erred by finding that it was required to indemnify Shaw. Finally, Enterprise contends that the judgment of the trial court was dissolved by the Civ.R. 41 dismissal of the underlying complaint by the plaintiff-appellee, Christos Siatis.
 {¶ 2} We conclude that the trial court did not abuse its discretion by allowing Shaw's amended responses to requests for admissions, upon the ground that an indirect communication between Shaw and his attorney had led to a misunderstanding, on the attorney's part, that was reflected in the original responses to requests for admissions. Based upon the evidence in this record, we conclude that the trial court could find, as it did, that Shaw was led by Enterprise's agent reasonably to believe that he was obtaining liability insurance in connection with his use of the rental car, and nothing in the printed form prepared by Enterprise clearly contradicted that belief. Accordingly, the trial court did not err when it found that Enterprise was obligated to indemnify Shaw with respect to his liability arising out of his use of the car. Finally, we conclude that the dismissal of the complaint by the original plaintiff, who was the alleged victim of Shaw's negligence, did not deprive the trial court of jurisdiction to adjudicate Shaw's cross-claim against Enterprise, and did not otherwise void the judgment rendered with respect to that cross-claim.
 {¶ 3} Because we find all of Enterprise's assignments of error to be without merit, the judgment of the trial court is affirmed.
 I {¶ 4} In January, 1998, Shaw rented a car from Enterprise while his own vehicle was being serviced. Shaw and Enterprise executed a form rental agreement, which had been prepared by Enterprise. In the middle of the first page of the form was a section of boxes identifying three types of insurance coverage offered by Enterprise, each with appropriate spots to be initialed by the customer in deciding whether to accept and pay for, or to decline, each type of coverage. The three types of insurance offered were described as "partial damage waiver," "personal accident insurance," and "optional supplemental liability protection." The front page did not set forth any definition of the scope of the various coverages. The reverse side of the form contained fine print purportedly setting forth a description of the coverages. However, as admitted by counsel at oral argument, the record in this appeal does not contain a legible copy of the reverse side of the form. Shaw initialed the boxes accepting the partial damage waiver and the personal accident insurance and declining the optional supplemental liability protection. At the time, Shaw was also insured under his father's policy of insurance.
 {¶ 5} On January 15, 1998, Shaw was involved in a motor vehicle accident while operating the rental car when he collided with a vehicle operated by plaintiff-appellee, Christos Siatis. Siatis filed a complaint against Shaw for injuries sustained as a result of the accident. The complaint also named Enterprise as a defendant and raised an allegation of negligent entrustment against Enterprise. Siatis later amended the claim against Enterprise to set forth a claim for a declaratory action seeking a ruling that Enterprise owed liability coverage to Shaw.
 {¶ 6} During discovery, Enterprise served requests for admissions upon counsel for Shaw. In his response, Shaw admitted that he knowingly declined the optional supplemental liability protection, that he did not purchase additional insurance as part of the rental agreement, and that no representative of Enterprise told him that he was being provided liability protection in connection with the rental. Subsequently, on January 24, 2000, Shaw filed a motion for leave to amend his responses, which was granted by the trial court on January 25. The amended responses, which denied that Shaw had declined the insurance coverage, were filed on January 26. On February 8, 2000, Enterprise filed a response in opposition to the motion to amend.
 {¶ 7} Shaw filed a cross-claim against Enterprise seeking a declaration that Enterprise owed him a duty to defend and to provide insurance coverage with regard to the accident. Thereafter, all the parties filed motions for summary judgment, which were denied, with the exception that the trial court did render summary judgment against Siatis on his claim for negligent entrustment. The parties then filed a joint motion to bifurcate the case so that the issue of insurance coverage could be tried separately from the issue of liability for the accident. The trial court granted that motion, and the case proceeded to a bench trial on the declaratory judgment action. Following trial, the trial court entered a decision and judgment entry in which it found that Enterprise was responsible to indemnify Shaw "to the extent he would have had were he covered under the coverage included in the Supplemental Liability insurance offered in the rental agreement."
 {¶ 8} Enterprise filed a notice of appeal from the judgment and from the trial court's decision permitting Shaw to amend his responses to the requests for admissions. This court dismissed that appeal for lack of a final appealable order.
 {¶ 9} Siatis voluntarily dismissed his complaint without prejudice pursuant to Civ.R. 41(A)(1)(a) on January 15, 2002. Enterprise filed a new notice of appeal seeking review of the same issues raised in the prior appeal.
 II {¶ 10} Enterprise's First Assignment of Error is as follows:
 {¶ 11} "The plaintiff's dismissal dissolved the declaratory judgment order."
 {¶ 12} Enterprise contends that a dismissal under Civ.R. 41 "dissolves all orders rendered by the trial court during the pendency of the action," and therefore "the October 20, 2000 order should be held for naught," and "dissolved" by this court.
 {¶ 13} We disagree. While Siatis dismissed the underlying complaint for damages as well as his complaint for declaratory relief, Shaw did not dismiss his cross-claim for declaratory judgment. The dismissal of the plaintiff's complaint does not mean that the trial court loses jurisdiction over all claims asserted. Specifically, we have held that counterclaims and cross-claims survive a Civ.R. 41 dismissal by a plaintiff. Commercial Union Ins. Co. v. Great Am. Ins. Co. (1997),124 Ohio App.3d 1. "This argument is based on the well-settled rule that a plaintiff may not employ Civ.R. 41 to defeat a meritorious counterclaim by dismissing the underlying action." Id. at 12, accord Ballenger v.Rickman (Mar. 16, 2000), Franklin App. No. 99AP-774. Therefore, we hold that Shaw's cross-claim for a declaratory judgment determining Enterprise's duty to provide coverage was not dismissed, survived the Civ.R. 41 dismissal of Siatis' claims, and is not dissolved.
 {¶ 14} We note that Shaw contends that the judgment of the trial court finding that coverage is owed "is res judicata for the purpose of any subsequent hearings." That is outside the scope of this appeal. Resjudicata is an issue to be pleaded and proved in any subsequent litigation involving the parties.
 {¶ 15} Enterprise's First Assignment of Error is overruled.
 III {¶ 16} Enterprise's Second Assignment of Error states as follows:
 {¶ 17} "The trial court erred in allowing Shaw to amend his answers to admissions."
 {¶ 18} Enterprise contends that the trial court abused its discretion by permitting Shaw to amend his responses to the request for admissions.
 {¶ 19} Civ.R. 36 provides:
 {¶ 20} "(A) Request for admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *
 {¶ 21} "* * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. * * *
 {¶ 22} "(B) * * * a court [upon motion] may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."
 {¶ 23} In this case, Shaw at first admitted that he had declined purchasing additional or supplemental liability insurance and he admitted that no one at Enterprise represented to him that he was being provided liability protection in connection with the rental. Later, he filed a motion to amend the answers. In his motion, Shaw indicated that at the time the original requests were served upon him he was in the army stationed in Texas, and could not meet with his attorney with regard to answering the discovery request. In fact, the original responses were prepared and signed only by counsel and not by Shaw. When he was able to return to the Dayton area and meet with his attorney, it became clear that there had been a misunderstanding between Shaw and his attorney regarding the responses and that the responses were incorrect. Therefore, he filed a motion to amend in January, 2000, which was granted by the trial court the next day. Enterprise then filed a memorandum in opposition.
 {¶ 24} On appeal, Enterprise contends that the trial court abused its discretion by failing to ascertain whether Enterprise would be prejudiced by permitting Shaw to amend his responses. Enterprise also contends that the record is devoid of a signed order granting the motion to amend. Finally, Enterprise claims that it was prejudiced in the conduct of its defense by the amendment because it had relied upon the original responses in preparing for and conducting Shaw's deposition.
 {¶ 25} We have reviewed the record and find that, contrary to Enterprise's contention, there is an order signed by the trial court granting the motion to amend. Furthermore, we find that, by granting the motion, the trial court impliedly found that Enterprise would not be prejudiced by the amendment. Although Enterprise claims it was prejudiced because it relied on the original admissions in taking Shaw's deposition, we note that Shaw's testimony contained therein is consistent with his amended responses and that Enterprise, therefore, was on notice during the deposition, and for the seven months prior to trial, of Shaw's contentions. Additionally, we find that Shaw's claim that the original responses were incorrect because of the miscommunication between him and his attorney does provide the trial court with grounds for permitting the amendment. Therefore, we cannot say that the trial court abused its discretion.
 {¶ 26} Enterprise's Second Assignment of Error is overruled.
 IV {¶ 27} Enterprise's Third Assignment of Error is as follows:
 {¶ 28} "The trial court erred in declaring that enterprise is responsible to indemnify Shaw."
 {¶ 29} Enterprise claims that the trial court erred in rendering judgment in favor of Shaw on the declaratory judgment action. Enterprise contends that Shaw clearly rejected liability insurance at the time the rental agreement was executed, so that it has no contractual duty to provide any liability coverage to him. Shaw contends that the rental agreement was ambiguous and unclear, and should therefore be construed strictly against Enterprise and in favor of providing coverage.
 {¶ 30} The primary purpose of contract construction is to give effect to the intent of the parties. Hamilton Ins. Serv. Inc. v.Nationwide Ins. Cos., 86 Ohio St.3d 270, 273, 1999-Ohio-162, citation omitted. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Kelly v. MedicalLife Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. When a contract is clear and unambiguous, a court cannot apply principles of construction to vary its terms. Carroll Weir Funeral Home v. Miller
(1965), 2 Ohio St.2d 189, 192. It is "[o]nly when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning [that] extrinsic evidence be considered in an effort to give effect to the parties' intentions." Shifrin v. Forest City Ent., Inc. (1992),64 Ohio St.3d 635, 638, 1992-Ohio-28.
 {¶ 31} In this case, the printed rental agreement included three boxes setting forth the names of three different types of coverage offered by Enterprise. The three boxes contain the following language respectively: (1) "Renter requests partial damage waiver (DW) at daily fee shown in adjoining column. See Reverse. This is not insurance."; (2) "Renter requests personal accident insurance (PAI) at daily fee shown in adjacent column and has read the policy certificate."; and (3) "Renter requests optional supplemental liability protection (SLP) at daily rate shown in column. See Reverse."
 {¶ 32} From our review of the agreement, we agree with the trial court that the meaning of these options is not explained. None of the options are explained in the boxes, and there is no evidence in the record before us that they are explained in the fine print on the back of the form. Given the absence of definition, we agree with Shaw that the rental agreement is confusing and ambiguous. Although Shaw checked the box declining "supplemental liability protection," it is not clear from the form that this is the only liability insurance being offered. Shaw did request "personal accident insurance," which was not defined. He might reasonably have concluded that this included liability coverage, to which the "optional supplemental liability protection" was supplemental.
 {¶ 33} The circumstances surrounding the signing of the rental agreement are significant. At trial, Shaw testified that he wanted to obtain insurance coverage through Enterprise because he did not want "anything to go down on his father's insurance." He further testified that the Enterprise manager explained the Partial Damage Waiver box by stating that it would cover anything that happened. The Enterprise manager, John Kuss, testified that he told Shaw that the Partial Damage Waiver was a "good thing to go with so nothing comes back on [your] father's policy * * * and [Shaw] decided to go with that because he didn't want a thing — anything to come back on his father." Shaw testified that Kuss did not explain the other two boxes, and Kuss admitted that he did not explain the Personal Accident Insurance. Kuss also testified that the box which reads "Partial Damage Waiver" is incorrect because it is actually "Full Damage Waiver." Kuss also testified that the limits of insurance are not set forth in the agreement, and that he did not know where the policy certificate containing some terms was located. The transcript also shows that Kuss circled the boxes for Shaw to initial and said, "you'll be good to go." Kuss also stated that he does not tell customers that the form has a reverse side, and that he does not discuss the terms on the back. Finally, Shaw testified that he believed that he had purchased insurance to cover any circumstance.
 {¶ 34} Under Ohio law, even when actual agency does not exist, apparent agency may be conferred if the principal holds its agent out to the public as possessing sufficient authority to act on its behalf and the person dealing with the agent knew these facts and, acting in good faith, had reason to believe that the agent possessed the necessary authority. Irving Leasing Corp. v. M H Tire Co. (1984),16 Ohio App.3d 191, 195, citation omitted. We agree with the trial court that the objective of the parties at the time of entering the contract was to provide Shaw with full and complete liability insurance coverage. We further agree with the trial court, based upon the circumstances surrounding the execution of the agreement and the actions of Kuss as the assistant manager of Enterprise, that Shaw was led to believe that he had purchased liability coverage.
 {¶ 35} On the basis of these findings, the trial court held that Enterprise is obligated to indemnify Shaw for any liability he has to Siatis. We find no error in that holding, which grants relief for a breach of the contract the court was asked to construe. The contract was not a liability insurance contract or policy, in which Enterprise promised to defend and indemnify Shaw. Rather, it is a contract wherein Enterprise promised to procure that form of coverage for Shaw but failed to do so. In that circumstance, the breach may make the defaulting promisor liable in damages for breach of contract, and the measure of damages is the value to the promisee of the insurance coverage the promisor failed to procure. That value corresponds to any liability the promisee has to a third party which the promised policy would cover. See Appleman, Insurance Law and Practice (1981), Section 8831.
 {¶ 36} Therefore, we conclude that the trial court did not err in its determination that Enterprise must indemnify Shaw. Enterprise's Third Assignment of Error is overruled.
 V {¶ 37} All of Enterprise's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
BROGAN and GRADY, JJ., concur.