JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} In this consolidated appeal, plaintiffs-appellants, Paul and Jean Mitrovich (the "Mitroviches") and defendant-appellant, State Farm Fire and Casualty Insurance Co. ("State Farm"), appeal the trial court's decision granting the motion to dismiss filed by defendants-appellees, George Hammer and the Estate of Mary Ellen Hammer (the "Hammers"). Finding no merit to the appeal, we affirm.
 {¶ 3} In 2004, the Mitroviches brought an action against the Hammers and State Farm, alleging that the Hammers were negligent in maintaining their Lake Chautauqua, New York vacation condominium and that such negligence caused damage to the Mitroviches' condominium. State Farm filed a cross-claim against the Hammers for subrogation. The Hammers moved to dismiss the complaint and cross-claim on the basis of forum nonconveniens, asserting that New York is the appropriate jurisdiction to litigate this matter. The trial court granted the Hammers' motion and dismissed the case without prejudice. The Mitroviches and State Farm appeal this decision.
 {¶ 4} In their sole assignment of error, the Mitroviches and State Farm claim that the trial court abused its discretion and erred in dismissing the complaint on the basis of forum non conveniens, where the public and private interests outlined in Chambers v. Merrell-DowPharmaceuticals, Inc. (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, overwhelmingly support their choice of forum in Ohio.[1]
 {¶ 5} The determination whether there is a more convenient forum for a given case is committed to the sound discretion of the trial court.Chambers, supra, at paragraph one of the syllabus. The decision of the trial court will be reversed only upon a clear abuse of discretion. Id. at 127. A reviewing court does not conduct a de novo review of the public and private factors considered by the trial court, but is constrained to determining whether the trial court's balancing of those factors clearly was arbitrary or unreasonable. Welsh v. Estate of Samuel A. Costello
(Aug. 12, 1999), Cuyahoga App. Nos. 74680 and 74740, citing CommercialUnion Ins. Co. v. Great Am. Ins. Co. (1997), 124 Ohio App.3d 1,705 N.E.2d 370.
 {¶ 6} In Chambers, supra, Ohio adopted the common law doctrine offorum non conveniens. Under forum non conveniens, a court may resist imposition upon its jurisdiction, although jurisdiction is authorized by a general venue statute. Id. at 125-126, citing Gulf Oil Corp. v.Gilbert (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839. The doctrine assumes that proper jurisdiction and venue also lie with another forum in which the defendant may be sued. Id.
 {¶ 7} In determining whether there is a more convenient forum, a trial court must balance all relevant public and private interest factors. The public interest factors to be considered include: (1) the administrative difficulties and delay to other litigants caused by congested court calendars, (2) the imposition of jury duty upon the citizens of a community which has very little relation to the litigation, (3) a local interest in having localized controversies decided at home, and (4) the appropriateness of litigating a case in a forum familiar with the applicable law. Chambers, supra at 127.
 {¶ 8} Private interest factors to be considered by the trial court include: (1) the relative ease of access to sources of proof, (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses, (3) the possibility of a view of premises, if a view would be appropriate to the action, and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Id. at 126-127. The weight to be given any of these factors depends upon the facts of each case. Glidden Co. v. HMHoldings, Inc. (1996), 109 Ohio App.3d 721, 672 N.E.2d 1108.
 {¶ 9} The Mitroviches first argue that the trial court abused its discretion when it dismissed their complaint without providing a thorough analysis on how the private and public interest factors weighed heavily in favor of litigating this matter in New York.
 {¶ 10} The trial court, citing Chambers, stated in its judgment entry that "the private interest and public interest factors heavily favored litigating this matter in New York." Although the court did not set forth any reasoning, analysis, or factors it considered, we find that the plain language of the entry indicates that it considered all factors. Moreover, the Mitroviches have failed to set forth any supporting authority for their argument, and we find no requirement mandating that the court give an analysis of the factors it considered. Therefore, we presume that the trial court considered all factors in making its decision.
 {¶ 11} The Mitroviches also argue that the trial court abused its discretion in disregarding the Chambers factors and finding that New York was the more appropriate forum to litigate this matter.
 {¶ 12} We recognize that "the plaintiff's choice of forum should rarely be disturbed * * * particularly where the plaintiff has chosen his home forum." Chambers, supra at 127, citing Gilbert, supra at 508; Kosterv. Lumbermans Mut. Cas. Co (1947), 330 U.S. 518, 524, 67 S. Ct. 828.9 L. Ed. 1067. However, we also recognize that the appellate standard of review is an abuse of discretion and unless we find that the trial court acted unreasonably or arbitrarily, "`its decision deserves substantial deference.'" Chambers, supra at 127, quoting Piper Aircraft Co. v. Reyno
(1981), 454 U.S. 235, 257, 102 S. Ct. 252, 70 L. Ed. 2d 419.
 {¶ 13} In the instant case, we find no abuse of discretion by the trial court. Although all the parties reside in Ohio, the cause of action accrued in New York at their vacation condominiums. The only connection to Ohio are the parties involved. Therefore, imposing on an Ohio jury to decide this matter, which bears little relation to Ohio, weighs against the Mitroviches' argument. Moreover, New York law is the applicable law. Although the Mitroviches assert that this is a common law negligence action, the rules and regulations of the Chautauqua Lake Estates Association may be interpreted and analyzed in regards to the within matter.
 {¶ 14} The Hammers assert that various third persons are indispensable parties to this action, over which Ohio would have no jurisdiction, but New York would. Those parties include plumbing and cleaning companies and the condominium association. The ability to summon witnesses from New York to litigate this matter in Ohio may be hampered. Also, this is an action for damages relating to real and personal property, and a view of the property may be necessary.
 {¶ 15} Moreover, the Board of Managers of Chautauqua Lakes Estates Condominium has filed suit in New York against the Hammers for damages associated with this matter. Therefore, in the interest of judicial economy, all matters arising from the same cause of action should be litigated in the same forum, convenient and proper for all parties.
 {¶ 16} Finally, contrary to the Mitroviches' assertions, there should be little difficulty in obtaining service against the Hammers, because they own property in New York, and George Hammer is the executor of the estate of Mary Ellen Hammer. See, N.Y.C.P.L.R. 302(a), New York's long-arm statute.
 {¶ 17} Therefore, we find that the trial court acted reasonably and did not abuse its discretion in dismissing the complaint and cross-claim without prejudice on the basis of forum non conveniens.
 {¶ 18} Accordingly, the sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KILBANE, J. CONCURS;
 CALABRESE, JR., J. DISSENTS
[1] State Farm agrees with the Mitroviches' arguments and requests that this court reverse the trial court's decision.
 DISSENTING OPINION